UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| PANDORA JEWELRY, LLC,<br>a Maryland limited liability company,<br>250 Pratt Street<br>Baltimore, MD 21201<br><br>       Plaintiff,<br><br>  v.<br><br>SHILON, INC.,<br>17170 Colima Rd. #D<br>Hacienda Heights, CA  91745<br><br>and<br><br>WEI "JAMES" FENG,<br>17170 Colima Rd. #D<br>Hacienda Heights, CA 91745<br><br>       Defendants. | CIVIL ACTION NO._____ |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK
INFRINGEMENT IN VIOLATION OF 15 U.S.C. §§ 1114, 1125(a)
AND BREACH OF CONTRACT**

Plaintiff PANDORA Jewelry, LLC, a Maryland limited liability company ("Plaintiff" or "PANDORA"), brings this action against Defendants Shilon, Inc. ("Shilon") and Wei "James" Feng (Shilon and Defendant Feng, collectively "Defendants") for trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and breach of contract.  These claims arise from Defendants' unlawful resale of materially different products under PANDORA's trademarks in violation of their contract with PANDORA and PANDORA's trademark rights.  In support of its claims, PANDORA alleges as follows.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff PANDORA is a Maryland limited liability company. The sole member of PANDORA is Pandora Jewelry, Inc., a corporation that is a citizen of Maryland because it is incorporated in Maryland and has its principal place of business in Maryland. PANDORA is therefore a citizen of Maryland.

2. Defendant Shilon, Inc. is a California corporation and, upon information and belief, an alter ego of Defendant Feng.

3. Defendant Wei "James" Feng is an individual that resides in and is a citizen of California.

4. PANDORA and Feng are parties to an agreement that, among other things, restricts Feng from selling PANDORA products, and is the subject of PANDORA's breach of contract claim.

5. This Court has subject matter jurisdiction over PANDORA's trademark infringement claim under 28 U.S.C. §§ 1331, 1338 because that trademark infringement claim arises under federal law, namely the Lanham Act, 15 U.S.C. §§ 1114, 1125(a).

6. This Court has subject matter jurisdiction over PANDORA's breach of contract claim pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, because it forms part of the same case or controversy as PANDORA's trademark infringement claim.

7. Independently, this Court also has subject matter jurisdiction over PANDORA's breach of contract claim pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a), because Plaintiff PANDORA is a citizen of Maryland; Shilon is a California company and Defendant Feng is a citizen of California; and the amount in controversy exceeds $75,000.

8. This Court has personal jurisdiction over Defendants because they breached a contract with Maryland citizen PANDORA governed by Maryland law, and sold infringing

PANDORA goods into Maryland in breach of that contract and in infringement of PANDORA's trademarks.

9. Venue is properly found in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to PANDORA's claims occurred within this judicial district.

## FACTUAL ALLEGATIONS

### PANDORA and Its Brand Protection Efforts

10. PANDORA is one of the most recognized jewelry brands in the world. Founded by a Danish goldsmith in 1982, PANDORA offers affordable, hand-finished jewelry made to the highest environmental and ethical standards.

11. As a seller of jewelry, PANDORA's brand image is extremely important to its business, and PANDORA engages in extensive brand protection efforts.

12. To promote and protect its brand, PANDORA and its affiliated companies have registered numerous trademarks with the United States Patent and Trademark Office ("USPTO"), including PANDORA® (U.S. Trademark Registration Nos. 4,118,900 and 3,613,181), PANDORA Jewelry® (U.S. Trademark Registration No. 3,065,374), Black Crown Diamond® (U.S. Trademark Registration No. 4,204,330), and Ö® (U.S. Trademark Registration No. 3,951,129) (collectively, the "PANDORA Registered Trademarks"). The registration for each of the PANDORA Registered Trademarks is valid, subsisting, and in full force and effect.

13. PANDORA sells its products exclusively through its website, http://estore-us.pandora.net, through PANDORA owned and operated stores, and through franchisees and retailers, who all sign agreements with PANDORA regulating where and how they sell PANDORA products. This system of exclusive distribution is a vital part of PANDORA's brand protection

efforts because it allows PANDORA to ensure, contractually, that all of its authorized resellers follow certain branding, quality control, and customer service requirements.

14. PANDORA further protects its brand by providing customers with the PANDORA Limited Warranty if they purchase a PANDORA product "through an Authorized PANDORA distribution channel." The PANDORA Warranty covers the cost of repair, replacement, or refund of the purchase price for PANDORA products suffering from defects in materials or workmanship brought on by ordinary consumer use for a period of one year from the date of original retail purchase from an authorized reseller. Information regarding the PANDORA Limited Warranty is available online at https://help.pandora.net/s/warranty?language=en_US.

15. The PANDORA Limited Warranty is a material part of what consumers expect when they buy a PANDORA product. Consumers are more likely to buy a PANDORA product if they know that it comes with the PANDORA Limited Warranty.

16. PANDORA offers the PANDORA Limited Warranty only for products purchased through authorized distribution channels because PANDORA cannot ensure the quality or even authenticity of products sold by unauthorized sellers or through unauthorized channels.

### PANDORA's Agreement With M.J. Park d/b/a Crystal Island

17. On or about March 24, 2017, PANDORA entered into an agreement with an individual named M.J. Park, the owner of a retailer doing business under the name "Crystal Island." Upon information and belief, Crystal Island is not, and never was, a formal legal entity such as an LLC or corporation, but merely the informal name M.J. Park gave his retail operation.[1]

18. PANDORA's agreement with M.J. Park d/b/a Crystal Island ("Crystal Island Agreement") allowed Crystal Island to become an "Authorized Shop-in-Shop Retailer" of

---

[1] Defendants are in possession of the Crystal Island Agreement, which is confidential.

PANDORA products. The shop-in-shop retail concept is where a brand occupies a designated space in a brick-and-mortar location that also sells other brands.

19. Pursuant to Section 3 of the Crystal Island Agreement, Crystal Island was required to set up its "shop-in-shop" in a certain way, maintain minimum assortments of PANDORA products, and follow PANDORA's rules regarding layouts and displays. Section 6 of the Crystal Island Agreement further specifies branding, customer service, and quality control standards that Crystal Island must maintain.

20. Pursuant to Section 4 of the Crystal Island Agreement, Crystal Island is permitted to sell PANDORA products only to end consumers and only in its agreed-upon retail location. Crystal Island is specifically prohibited from selling PANDORA products to resellers, or selling PANDORA products online, including specifically on Amazon. The prohibition on online sales survives the termination of the Crystal Island Agreement.

21. Pursuant to Section 8 of the Crystal Island Agreement, PANDORA may terminate the Crystal Island Agreement upon written notice at any time with or without cause. Following termination, PANDORA may choose to either buy back Crystal Island's remaining inventory, or allow Crystal Island a 60-day period to sell through its remaining inventory ("Sell-Through Period"). Crystal Island is prohibited from selling PANDORA products, and from acquiring new PANDORA products for resale, after the expiration of the Sell-Through Period.

22. Section 8 of the Crystal Island Agreement contains a Liquidated Damages provision, which requires Crystal Island to pay PANDORA $500 for each business day it continues to sell PANDORA products following the end of the Sell-Through Period. This liquidated damages provision exists because the parties agreed that the harm to PANDORA caused by Crystal Island's breach would be impossible or very difficult to accurately estimate. In particular, the sale of

Pandora products outside of its network of authorized retailers damages Pandora's brand in ways that are difficult to quantify, as retailers outside of Pandora's authorized network are not contractually required to follow the same branding and quality control standards, and could cause consumers to associate the Pandora brand with less-exclusive, lower-quality retailers.

23. For similar reasons, Section 8 of the Agreement also contains an injunctive relief clause, which provides that Pandora shall be entitled to injunctive relief to compel the specific performance of Section 8, in addition to other remedies such as damages.

**Defendants Acquire an Interest in Crystal Island Shop-in-Shop, Violates Agreement**

24. At some unknown time no later than February 2020, M.J. Park sold Crystal Island to Defendant Feng.

25. Following the sale of Crystal Island to Feng, M.J. Park's rights and duties under the Crystal Island Agreement were assigned to Feng.

26. Feng continued to purchase Pandora products for resale in the authorized Crystal Island Shop-in-Shop location.

27. However, on or about April 6, 2020, Feng began selling Pandora products on Amazon in violation of the Crystal Island Agreement. Feng sold, and continues to sell, Pandora products on Amazon on a third-party storefront currently called "Shilon Jewellery" with Amazon Merchant ID AXE3GILM672YC ("Storefront").

28. The operator of the Storefront is registered with Amazon as Shilon, Inc.:

**Shilon Jewellery**

Shilon Jewellery storefront

★★★★☆ | 88% positive lifetime (8 total ratings)

Shilon Jewellery is committed to providing each customer with the highest standard of customer service.

**Detailed Seller Information**

Business Name: Shilon inc
Business Address:
  17170 Colima Rd
  #D
  Hacienda heights
  Ca
  91745
  US

29. Because the Storefront is not an authorized distribution channel for PANDORA products, products that Defendants sold on their Storefront did not include the PANDORA Limited Warranty.

30. Defendants did not disclose to consumers that their Storefront was an unauthorized channel, or that products purchased on their Storefront did not include the PANDORA Limited Warranty. To the contrary, Defendants chose to list their PANDORA products as "new" even though one of Amazon's requirements for a product to be listed as "new" is that the "[o]riginal manufacturer's warranty, if any, still applies," thus falsely implying that the products they were selling included the PANDORA Limited Warranty.

31. Between April and May 2020, Defendants are estimated to have sold approximately 175 individual units of PANDORA products.

32. Currently, the Storefront is listing 239 individual PANDORA items for sale.

33. After discovering Defendants' sales on Amazon, PANDORA sent a letter to Feng informing him that the Crystal Island Agreement was terminated due to Feng's sales on Amazon, which violated an important part of the contract.

7

34. On or about June 19, 2020, Feng replied to PANDORA's letter by email, acknowledging that "I break the rules," and asking if PANDORA would buy back his remaining inventory. Feng attached a spreadsheet of his remaining inventory of PANDORA products, showing that he had 3,441 items with a total cost of $131,786.33.

35. PANDORA declined to buy back Defendants' remaining inventory, but granted Defendants a Sell-Through Period as allowed in the Crystal Island Agreement through August 30, 2020.

36. Following the expiration of the Sell-Through Period, Defendants continue to sell PANDORA products on Amazon.

37. Defendants' continuing sales of PANDORA products on Amazon breach the Crystal Island Agreement between Feng and PANDORA.

**Feng Is Liable**

38. PANDORA assert claims against individual Defendant Feng in both his individual capacity as well as his capacity as corporate officer of the corporate Defendant Shilon, Inc.

39. Defendant Feng directs, controls, ratifies, participates in, and is the moving force behind the sales of infringing products bearing the PANDORA trademarks through the Storefront. Accordingly, Feng is personally liable for infringing PANDORA's trademarks independently of Shilon, Inc.

40. In addition, upon information and belief, the corporate Defendant Shilon, Inc. follows so few corporate formalities, and is so dominated by Feng, that it is merely an alter ego of Feng. Shilon, Inc.'s status as an alter ego is supported, in part, by the fact that Defendant Feng is the only Director of Shilon, Inc., as well as the company's Chief Executive Officer, Secretary and Chief Financial Officer, per the California Secretary of State filings, which were signed by Feng.

Accordingly, PANDORA is entitled to pierce the corporate veil and hold Feng personally liable for the infringing activities of Shilon, Inc.

## FIRST CAUSE OF ACTION

**Trademark Infringement Under the Lanham Act, 14 U.S.C. §§ 1114, 1125(a)**

41. PANDORA hereby incorporates the allegations contained in the foregoing Paragraphs 1-40 as if fully set forth herein.

42. PANDORA is the owner of the PANDORA Registered Trademarks.

43. PANDORA has registered the PANDORA Registered Trademarks with the USPTO.

44. The PANDORA Registered Trademarks are valid and subsisting trademarks in full force and effect.

45. Defendants have willfully used the PANDORA Registered Trademarks in commerce for purposes of selling materially different products under the PANDORA Registered Trademarks without PANDORA's consent.

46. In particular, the products Defendants sell under the PANDORA Registered Trademarks are materially different from genuine PANDORA products because they do not come with the PANDORA Limited Warranty.

47. Despite the fact that their products do not come with the PANDORA Limited Warranty, Defendants continue to sell their products under the PANDORA Registered Trademarks on Amazon while falsely representing to consumers that their products come with the PANDORA Limited Warranty.

48. Defendants' unauthorized sale of materially different products under the PANDORA Registered Trademarks is likely to cause confusion, cause mistake, or deceive consumers because it falsely suggests that the products Defendants offer for sale are genuine PANDORA products from an authorized seller that include the PANDORA Limited Warranty.

49. Defendants' unauthorized use of the PANDORA Registered Trademarks to sell materially different products has infringed on, and materially damaged, the value of the PANDORA Registered Trademarks.

50. As a proximate result of Defendants' infringement, PANDORA has suffered, and will continue to suffer, immediate and irreparable harm. PANDORA has also suffered, and continues to suffer, damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

51. PANDORA is entitled to recover its damages caused by Defendants' infringement of the PANDORA Registered Trademarks and disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

52. PANDORA is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendants' infringement, and unless Defendants are permanently enjoined, PANDORA will suffer irreparable harm.

53. PANDORA is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendants willfully, intentionally, maliciously, and in bad faith infringed on the PANDORA Registered Trademarks.

## SECOND CAUSE OF ACTION

### Breach of Contract

54. PANDORA hereby incorporates the allegations contained in the foregoing Paragraphs 1-40 as if fully set forth herein.

55. PANDORA and Feng are parties to the Crystal Island Agreement.

56. Although the original signatory to the Crystal Island Agreement was M.J. Park rather than Feng, all of M.J. Park's rights and duties under the Crystal Island Agreement were assigned to Feng when M.J. Park sold Crystal Island to Feng.

57.  Defendants sold PANDORA products on Amazon in breach of Section 4(c) of the Crystal Island Agreement.

58.  Following Defendants' breach of Section 4(c) of the Crystal Island Agreement, PANDORA invoked Section 8 of the Crystal Island Agreement and prohibited Defendants from continuing to sell PANDORA products after the Sell-Through Period expired on August 30, 2020.

59.  Nevertheless, Defendants continue to sell PANDORA products, including listing more than two hundred PANDORA SKUs for sale on the Storefront.

60.  Defendants' continued sale of PANDORA products breaches Section 8(b)(iii) of the Crystal Island Agreement.

61.  PANDORA is entitled to liquidated damages of $500 per business day that Defendants continue to sell PANDORA products pursuant to Section 8(b)(iii) of the Crystal Island Agreement.

62.  Furthermore, PANDORA is entitled to injunctive relief ordering Defendants to discontinue selling PANDORA products on Amazon pursuant to Section 8(c) of the Crystal Island Agreement.

63.  In the absence of injunctive relief, PANDORA would suffer irreparable harm because Defendants' breaching sales on Amazon would compromise the integrity of PANDORA's authorized retailer network and cause significant damage to PANDORA's brand and brand protection efforts that could not easily be compensated by money damages later.

## PRAYER FOR RELIEF

WHEREFORE, PANDORA prays for relief and judgment as follows:

A.  Judgment in favor of PANDORA and against Defendants Shilon, Inc. and Wei "James" Feng in an amount in excess of $75,000.00 calculated based on the liquidated damages

and damage to trademarks clause contained in Section 8(b)(iii) of the Crystal Island Agreement, and in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, liquidated damages, restitution, disgorgement of profits, and pre-judgment and post-judgment interest, as permitted by law;

B.     Preliminary and permanent injunctions enjoining Defendants Shilon, Inc. and Wei Feng, as well as their agents, servants, employees, and attorneys, and other persons in active concert or participation with them, from selling PANDORA products or using the PANDORA Registered Trademarks, and requiring those persons to take all actions needed to remove any PANDORA products and PANDORA Registered Trademarks they are currently listing for sale, including on their Amazon.com storefront currently called "Shilon Jewellery" with Amazon Merchant ID AXE3GILM672YC;

C.     An award of attorneys' fees, costs, and expenses; and

D.     Such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

Date: November 6, 2020

*/s/ Mary C. Biscoe-Hall*
Michael E. Blumenfeld (Fed. Bar No. 25062)
Mary C. Biscoe-Hall (Fed. Bar No. 20669)
Nelson Mullins Riley & Scarborough, LLP
100 S. Charles Street, Suite 1600
Baltimore, Maryland 21202
Phone: (443) 392.9400
Facsimile: (443) 392.9499
michael.blumenfeld@nelsonmullins.com
mary.biscoehall@nelsonmullins.com

*Attorneys for Plaintiff PANDORA Jewelry, LLC*

Of Counsel:
William D. Kloss Jr. (Ohio Bar 0040854)
Martha Brewer Motley (Ohio Bar 0083788)
(*pro hac vice* applications forthcoming)
Vorys, Sater, Seymour and Pease LLP
52 E. Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
Phone: (614) 464-6400
Fax: (614) 719-6350
Email: wdklossjr@vorys.com
Email: mbmotley@vorys.com

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PANDORA demands a trial by jury on all issues so triable.

*/s/ Mary C. Biscoe-Hall*
Mary C. Biscoe-Hall (Fed. Bar No. 20669)